| | | |
|---|---|---|
| Zenida Heath, | : | **United States District Court** |
| **Plaintiff,** | : | **District of New Jersey** |
| **vs.** | : | |
| Gloucester Township P/O #1, et al., | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 1:20-cv-02049** |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED.


**BY THE COURT:**


_____

**Honorable Judge**

| | | |
|---|---|---|
| **Zenida Heath,** | : | **United States District Court** |
| **Plaintiff,** | : | **District of New Jersey** |
| **vs.** | : | |
| **Gloucester Township P/O #1, et al.,** | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 1:20-cv-02049** |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, pursuant to Rule 15 of the Federal Rules of Civil Procedure, moves for leave of

Court to file an Amended Complaint. Further, in support of this Motion, moving Plaintiff

incorporates by reference and rely upon the Memorandum of Law filed herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: January 4, 2021

| Zenida Heath, | : | United States District Court |
|---|---|---|
| Plaintiff, | : | District of New Jersey |
| vs. | : | |
| Gloucester Township P/O #1, et al., | : | Civil Division – Civil Rights |
| Defendants. | : | Case No.: 1:20-cv-02049 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.     INTRODUCTION

Plaintiff was ordered by this Court to file an Amended Complaint identifying the police officers who conducted a traffic stop on Plaintiff on/or by October 12, 2021, identifying the and substituting John/Jane Doe Defendants. ECF No. 27. Plaintiff filed a motion to compel on October 12, 2021, as a subpoena duces tecum, requesting the identities of the officers had not been fulfilled by the Gloucester Township Police Department. On or about October 19, 2021, the identities of the two officers who stopped Ms. Heath were provided by Vincent Sarubbi, Esquire. Plaintiff correspondingly filed a motion to withdraw his motion to compel and to seeks leave to file an amended complaint with the officers identities.

### II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."*

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is

satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff received the necessary information, including the particular officers' identities. The Plaintiff now seeks leave to file an amended complaint to substitute the names of the John/Jane Doe Police Officers. The overarching averred facts of this matter have remained identical since the original complaint, the issue for the Plaintiff has always been identifying the responsible parties.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting

Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as

the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: October 24, 2021

| Zenida Heath, | : | **United States District Court** |
|---|---|---|
| **Plaintiff,** | : | **District of New Jersey – Camden** |
| vs. | : | |
| **Gloucester Township P/O #1, et al** | : | **CIVIL TRIAL** |
| **Defendants.** | : | **CASE No. 1:20-cv-02049** |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Vincent Sarubbi, Esquire**
Archer and Greiner
One Centennial Square
Haddonfield, NJ 08033

### VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: October 24, 2021

# PROPOSED AMENDED COMPLAINT

| | | |
|---|---|---|
| Zenida Heath, | : | **United States District Court** |
| (Plaintiff), | : | **District of New Jersey – Camden** |
| vs. | : | |
| Patrolman Richard Jones #286 and | : | **CIVIL TRIAL** |
| Patrolman Joshua Ward #255, (Defendants) | : | **CASE No. 1:20-cv-02049** |

## AMENDED COMPLAINT

1. Plaintiff Zenida Heath ("Heath") via counsel, David Wesley Cornish, Esquire, complains and states she was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Zenida Heath**, an individual and resident of the United States of America, and resident of the State of New Jersey.

## DEFENDANTS

6. Defendant is **Patrolman Richard Jones #286**, a police officer for the Gloucester Township Police Department, who lives and resides in the State of New Jersey.

7. Defendant is **Patrolman Joshua Ward #255**, a police officer for the Gloucester Township Police Department, who lives and resides in the State of New Jersey.

## FACTUAL ALLEGATIONS AND BACKGROUND

8.  At all relevant times the Defendants acted under the color of law as a municipality supervising municipally employed police officers while on duty.

9.  On or about June 6, 2019, at approximately 3:30p, both Defendants participated in a traffic stop in which Ms. Heath was detained and seized.

10. On or about June 6, 2019, at approximately 3:30p, Ms. Heath, a mid-30s black female, was driving her Infiniti car with her 3 minor children and two students (Sarah Andrews and Jesse Reed), who as a psychiatrist and professor at a local university she had been tutoring, through Gloucester Township, New Jersey.

11. Ms. Heath's entire interaction with the Defendants occurred at and around the area of Area and Williamstown Roads in Gloucester Township located within Camden County, New Jersey.

12. Ms. Heath was following all traffic laws and at the time there was heavy traffic and congestion on the roadway, due to it being near to rush hour.

13. Ms. Heath suddenly noticed a police vehicle with illuminated lights had cut off the vehicle behind her and took its place and she immediately pulled to the side of the road to comply.

14. Ms. Heath was approached by one of the Defendants, a white male, who stated she had a nice Infinity, although he had a nicer one and demanded she provided him with identification.

15. Ms. Heath complied with this officer's request, and the officer returned towards his vehicle and quickly returned to her vehicle.

16. Once, this officer returned to Ms. Heath's vehicle she was ordered out of the car and was handcuffed very tightly in front of her children and students, and the officer claimed this was due to an outstanding warrant for her arrest.

17. Ms. Heath was handcuffed so tightly her wrists were in extreme pain.

18. While Ms. Heath was being detained this officer contacted dispatch and the other Defendant, responded to the scene.

19. Ms. Andrews and Ms. Reed, both white females, kept telling the officer who stopped Ms. Heath, he had no right or reason to pull over Ms. Heath because she was not committing any traffic and/or criminal violations.

20. The officer who made the traffic stop claimed within hearing of Ms. Heath, to Ms. Reed and Ms. Andrews, he did not know Ms. Heath and pulled her over for a driving infraction.

21. When the back-up officer arrived Ms. Heath told him the first officer who initiated the traffic stop, had no reason to pull her over as she was complying with the law and the people in her car could attest to such and she felt she was being racially profiled and said she wanted to call her husband.

22. The responding officer told Ms. Heath not to bring her husband to the scene because it would make things more difficult.

23. Shortly thereafter the arriving officer spoke with Ms. Andrews and Ms. Reed, who told him the officer who initiated the traffic stop had no reason to stop and detain Ms. Heath and he only did it because she was black, and the entire stop was racially motivated.

24. Both Defendants spoke briefly between each other and the officer who initiated the stop informed Ms. Heath that she did not actually have a warrant for her arrest and that she was free to leave the scene.

25. Ms. Heath was never charged or cited for any driving infraction related to her initial stop.

26. The Defendant Officers falsely claimed that Ms. Heath was engaged in criminal conduct.

27. The seizures of Ms. Heath and her property was predicated on falsehoods fabricated by the Defendant Officers.

28. The seizures of and from Plaintiff was without probable cause, articulable suspicion or other constitutionally permissible basis.

29. Defendant Officers knew or had reason to know of the falsity of the allegations they made against Ms. Heath.

30. The misrepresentations and falsehoods by the Defendant Officers, were material to the searches and seizures of Plaintiff.

31. The actions of the Defendant Officers, in fabricating materially false information in order to conduct a search or procure the seizure and intimidation of citizens was part of a practice and custom of the defendant officers and other officers in the Gloucester Township Police Department to violate the rights of these persons, including Plaintiff.

32. The Defendant Officers disregarded proper police practices regarding the use of search warrants, probable cause, and these actions led to the improper conduct in this case.

33. The Defendant Officers, without cause or justification, caused Plaintiff to be unlawfully detained.

34. Plaintiff did not commit any offenses against the laws of the State of New Jersey, the United States or Gloucester Township, or engage in any conduct which justified the actions of all defendants.

35. The unlawful detentions were the direct result of all Defendants' pattern, practice, and custom of subjecting citizens such as the Plaintiffs to arrest, prosecution and incarceration in the absence of probable cause.

36. The Defendant Officers acted willfully, deliberately, maliciously or with reckless disregard of the Plaintiffs' constitutional and statutory rights.

37. As a direct and proximate result of the actions of all Defendants, Ms. Heath was wrongfully detained.

38. As a direct and proximate result of the actions of all Defendants, Ms. Heath suffered a loss of liberty.

39. As a direct and proximate result of the actions of all Defendants, Ms. Heath was intimidated and placed in fear.

40. As a direct and proximate result of the actions of all Defendants, Plaintiff suffered and continues to suffer physical harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

41. All Defendants engaged in the aforesaid conduct for the purpose of violating the Plaintiff's constitutional rights.

42. The above-described actions of all of the Defendants caused the violations of the Plaintiff's rights under the Fourth and Fourteenth Amendments, as incorporated to the states, as alleged in this Complaint.

43. Plaintiff provided the Defendants, and the government, tort claims notice within 90 days of this incident as required pursuant to the New Jersey Tort Claims Act.

<u>**PLAINTIFF'S INJURIES**</u>

44. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

45. Due to the Defendants actions Plaintiff suffered the following injuries:

    a. Pain in her shoulder, arm, back, neck, legs, and hands;

    b. Bruises, discoloring, and abrasions;

    c. Physical discomfort from being handcuffed, including black and blue markings on his wrist;

    d. A loss of freedom due to the Defendants detention;

    e. A loss of enjoyment and quality of life due to the Defendants actions in restraining, arresting, and which caused physical and psychological injuries;

    f. Public shame, embarrassment, anxiety, fear, and inconvenience;

    g. A loss of employment/business and educational opportunities due to the Defendants actions restraining, arresting, and prosecuting him;

    h. Loss of reputation from the Defendants actions restraining, arresting, and prosecuting;

46. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

## COUNT 1 – FALSE ARREST/UNLAWFUL ARREST/FALSE IMPRISONMENT (42 U.S.C. § 1983) – AGAINST ALL DEFENDANTS (State and Federal Law Claims)

47. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

48. Plaintiff avers he was searched and seized within the meanings of the Federal Constitution's Fourth and Fourteenth Amendments, in addition to the New Jersey Constitution and its Bill of Rights, by the Defendants.

49. Plaintiff avers her seizure was illegal and improper because the Defendants knowingly lacked a reasonable suspicion, and/or probable cause to believe she was committing a criminal offense.

50. Plaintiff avers but for the Defendants actions she otherwise would not have been subjected to a search, seizure, arrest, and prosecution.

51. Plaintiff was damaged and injured as set forth pursuant to 42 U.S.C. § 1983 by Defendant Officers in that they, described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers acted with the intent to detain Plaintiff unlawfully, without probable cause, and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

**WHEREFORE,** Plaintiff demands judgement against Defendant, Defendants, in their official, personal, and representative capacities, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## COUNT 2 – EXCESSIVE FORCE & ASSAULT (42 U.S.C. § 1983)– AGAINST ALL DEFENDANTS (State and Federal Law Claims)

52. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

53. Plaintiff was damaged and injured as set forth above pursuant to 42 U.S.C. § 1983, by Defendants, in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under the color of law. More specifically, Defendants intentionally acted to cause a harmful; and/or offensive contact with Plaintiff's person and such activities were the actual and proximate cause of Plaintiff's harm.

54. The United States Constitution's Fourth, Eighth, and Fourteenth Amendments, in addition to the New Jersey Constitution and its Bill of Rights, protect every citizen's rights, privileges, and immunities to be free from unreasonable search and seizure, police using excessive force, cruel and unusual punishment/treatment, and to equal protection of the law and due process.

55. The United States and New Jersey Constitutions protect persons from being subjected to unnecessary force and arrest while being investigated and/or stopped by police and a law enforcement official and the Defendants violated these requirements and directly caused Plaintiff to suffer unnecessary and unreasonable physical injuries and a liberty deprivation.

56. Plaintiff avers the Defendants at no time possessed probable cause to stop, detain, arrest, and/or otherwise seize, stop, touch, handcuff, or otherwise control her.

57. Each Defendant also separately violated Plaintiff's rights when they failed to stop the other Defendants from exerting force and failing to intervene and stop the civil rights violations, as each Defendant as a police officer had a duty to intervene to prevent the use of unnecessary force by a fellow officer, each Defendant had a reasonable opportunity to intervene, and each Defendant failed to intervene.

58. Ms. Heath avers the Defendants at no time possessed probable cause to stop, detain, arrest, and/or otherwise seize her for driving violations.

**WHEREFORE,** Plaintiff demands judgement against Defendant, Defendants, in their official, personal, and representative capacities, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## COUNT 3 – UNJUSTIFIED SEARCH AND SEIZURE (42 U.S.C. § 1983)– AGAINST ALL DEFENDANTS (State and Federal Law Claims)

59. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

60. Plaintiff was damaged and injured as set forth above pursuant to 42 U.S.C. § 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiffs' constitutional rights while acting under the color of law. More specifically, Defendant Officers entered and searched the Plaintiff's person, and vehicle, in which Plaintiff had a reasonable privacy expectation, removed non-incriminating evidence, without probable cause of other lawful justification, and such action was the direct and proximate cause of Plaintiff's harm.

61. Plaintiff avers he was seized within the meanings of the Federal Constitution's Fourth and Fourteenth Amendments, in addition to the New Jersey Constitution and its Bill of Rights, by these Defendants.

**WHEREFORE,** Plaintiff demands judgement against Defendant, Defendants, in their official, personal, and representative capacities, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## DAMAGES REQUEST

62. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

63. As a result of the above actions and claims, the Plaintiff demands judgment against all Defendants in the amount of all damages, including:

    a.  Compensatory Damages;

    b.  Punitive Damages;

    c.  Interest;

    d.  Injunctive Relief;

    e.  Hold all Defendants jointly and severally liable;

    f.  Such other relief as appears reasonable and just; and

    g.  Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

64. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

65. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF HEATH**
*DATE*: October 24, 2021

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information

and belief and are verified subject to the penalties for perjury and unsworn falsification to the tribunal.


Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF HEATH**
*DATE*: October 24, 2021

| | | |
|---|---|---|
| Zenida Heath, | : | **United States District Court** |
| **Plaintiff,** | : | **District of New Jersey – Camden** |
| **vs.** | : | |
| ~~Gloucester Township P/O #1,~~ | : | |
| ~~Gloucester Township P/O #2,~~ | : | **CIVIL TRIAL** |
| **Defendants.** | : | **CASE No. 1:20-cv-02049** |

## AMENDED COMPLAINT

1. Plaintiff Zenida Heath ("Heath") via counsel, David Wesley Cornish, Esquire, complains and states she was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Zenida Heath**, an individual and resident of the United States of America, and resident of the State of New Jersey.

## DEFENDANTS

6. ~~Defendant is **Gloucester Police Officer 1**, a police officer for the Gloucester City Police Department, who lives and resides in the State of New Jersey.~~

7.   ~~Defendant is **Gloucester Police Officer 2**, a police officer for the Gloucester City Police Department,~~
~~who lives and resides in the State of New Jersey.~~

## FACTUAL ALLEGATIONS AND BACKGROUND

8.   At all relevant times, the Defendants acted under the color of law as a municipality supervising
municipally employed police officers while on duty.

9.   **[ADDED]** On or about June 6, 2019, at approximately 3:30p, both Defendants participated in a traffic
stop in which Ms. Heath was detained and seized

10. On or about June 6, 2019, at approximately 3:30p, Ms. Heath, a mid-30s black female, was driving her
Infiniti car with her 3 minor children and two students (Sarah Andrews and Jesse Reed), who as a
psychiatrist and professor at a local university she had been tutoring, through Gloucester Township,
New Jersey.

11. Ms. Heath's entire interaction with the Defendants occurred at and around the area of Area and
Williamstown Roads in Gloucester Township located within Camden County, New Jersey.

12. Ms. Heath was following all traffic laws and at the time there was heavy traffic and congestion on the
roadway, due to it being near to rush hour.

13. Ms. Heath suddenly noticed a police vehicle with illuminated lights had cut off the vehicle behind her
and took its place and she immediately pulled to the side of the road to comply.

14. ~~Ms. Heath was approached by Defendant, Gloucester Police Officer 1, a white male, who stated she had~~
~~a nice Infinity, although he had a nicer one and demanded she provided him with identification.~~

15. ~~Ms. Heath complied with Defendant, Gloucester Police Officer 1 request, and the officer returned~~
~~towards his vehicle and quickly returned to her vehicle.~~

16. ~~Once, Defendant, Gloucester Police Officer 1 returned to Ms. Heath's vehicle she was ordered out of the~~
~~vehicle and was handcuffed very tightly in front of her children and students, and the officer claimed~~
~~due to an outstanding warrant for her arrest.~~

17. Ms. Heath was handcuffed so tightly her wrists were in extreme pain.

18. ~~While Ms. Heath was being detained Defendant, Gloucester Police Officer 1 contacted dispatch and Defendant, Gloucester Police Officer 2, a black officer, responded to the scene.~~

19. Ms. Andrews and Ms. Reed, both white females, kept telling ~~Defendant, Gloucester Police Officer 1~~ he had no right or reason to pull over Ms. Heath because she was not committing any traffic and/or criminal violations.

20. ~~Defendant, Gloucester Police Officer 1~~ claimed within hearing of Ms. Heath, to Ms. Reed and Ms. Andrews, he did not know Ms. Heath and pulled her over for a driving infraction.

21. ~~When Defendant, Gloucester Police Officer 2 Ms. Heath told him Defendant, Gloucester Police Officer 1 had no reason to pull her over as she was complying with the law and the people in her car could attest to such and she felt she was being racially profiled and said she wanted to call her husband.~~

22. ~~Defendant, Gloucester Police Officer 2 told Ms. Heath not to bring her husband to the scene because it would make things more difficult.~~

23. ~~Shortly thereafter Defendant, Gloucester Police Officer 2 spoke with Ms. Andrews and Ms. Reed, who told him Defendant, Gloucester Police Officer 1 had no reason to stop and detain Ms. Heath and he only did it because she was black, and the entire stop was racially motivated.~~

24. ~~Defendant, Gloucester Police Officer 1 and Defendant, Gloucester Police Officer 2 spoke briefly between each other and Gloucester Police Officer 1 informed Ms. Heath that she did not actually have a warrant for her arrest and that she was free to leave the scene.~~

25. While handcuffed Ms. Heath saw the Defendants remove objects from her vehicle without obtaining her permission or consent.

26. Ms. Heath was never charged or cited for any driving infraction related to her initial stop.

27. The Defendant Officers falsely claimed that Ms. Heath was engaged in criminal conduct.

28. The seizures of Ms. Heath and her property was predicated on falsehoods fabricated by the Defendant Officers.

29. The seizures of and from Plaintiff was without probable cause, articulable suspicion or other constitutionally permissible basis.

30. Defendant Officers knew or had reason to know of the falsity of the allegations they made against Ms. Heath.

31. The misrepresentations and falsehoods by the Defendant Officers, were material to the searches and seizures of Plaintiff.

32. The actions of the Defendant Officers, in fabricating materially false information in order to conduct a search or procure the seizure and intimidation of citizens was part of a practice and custom of the defendant officers to violate the rights of these persons, including Plaintiff.

33. The Defendant Officers disregarded proper police practices regarding the use of search warrants, probable cause, and these actions led to the improper conduct in this case.

34. The Defendant Officers, without cause or justification, caused Plaintiff to be unlawfully detained.

35. Plaintiffs did not commit any offenses against the laws of the State of New Jersey, the United States or Gloucester Township, or engage in any conduct which justified the actions of all defendants.

36. Ms. Heath was handcuffed and detained for approximately 30-45 minutes by the Defendants.

37. Ms. Heath asked the Defendants numerous times to remove her handcuffs as she was experiencing pain and the Defendants did not do so until she was released.

38. The Defendant Officers acted willfully, deliberately, maliciously or with reckless disregard of the Plaintiffs' constitutional and statutory rights.

39. As a direct and proximate result of the actions of all Defendants, Ms. Heath was wrongfully detained.

40. As a direct and proximate result of the actions of all Defendants, Ms. Heath suffered a loss of liberty.

41. As a direct and proximate result of the actions of all Defendants, Ms. Heath was intimidated and placed in fear.

42. As a direct and proximate result of the actions of all Defendants, Plaintiff suffered and continues to suffer physical harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

43. All Defendants engaged in the aforesaid conduct for the purpose of violating the Plaintiff's constitutional rights.

44. The above-described actions of all of the Defendants caused the violations of the Plaintiff's rights under the Fourth Amendment as alleged in this Complaint.

45. On July 10, 2020, the Plaintiff sent via certified mail with return receipt, copies of preservation letters to both the Gloucester Township Police Department and Gloucester Township.

46. On July 23, 2020, the Plaintiff sent via certified mail with return receipt, copies of the New Jersey Tort Claims Act Notice Form to both the Gloucester Township Police Department and Gloucester Township, both authorized representatives for the Defendants.

47. Plaintiff provided the Defendants, and the government, tort claims notice within 90 days of this incident as required pursuant to the New Jersey Tort Claims Act.

## PLAINTIFF'S INJURIES

48. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

49. Due to the Defendants actions Plaintiff suffered the following injuries:

   a. Pain in her shoulder, arm, back, neck, legs, and hands;

   b. Bruises, discoloring, and abrasions;

   c. Physical discomfort from being handcuffed, including black and blue markings on his wrist;

   d. A loss of freedom due to the Defendants detention;

e.  A loss of enjoyment and quality of life due to the Defendants actions in restraining, arresting, and which caused physical and psychological injuries;

f.  Public shame, embarrassment, anxiety, fear, and inconvenience;

g.  A loss of employment/business and educational opportunities due to the Defendants actions restraining, arresting, and prosecuting her;

h.  Loss of reputation from the Defendants actions restraining, arresting, and prosecuting;

50. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

## COUNT 1 – False Arrest/Unlawful Arrest/False Imprisonment (42 U.S.C. § 1983) and Supplemental State Law Claims

51. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

52. Plaintiff avers she was falsely arrested, imprisoned, searched, and seized within the meanings of the Federal Constitution's Fourth Amendment, in addition to the New Jersey Constitution and its Bill of Rights, by the Defendants.

53. Plaintiff avers her initial stop, and her subsequent handcuffing, were both violations of her rights, and she was falsely arrested and imprisoned, as the Defendants lacked probable cause to believe she was committing a criminal act or was wanted, prior to initiating her stop and restraint.

54. Plaintiff avers but for the Defendants actions she otherwise would not have been subjected to a search, seizure, and arrest, as she was falsely arrested and imprisoned based on both the initial stop by the Defendants and the subsequent handcuffing for approximately 30-45 minutes.

55. Plaintiff was damaged and injured as set forth pursuant to § 1983 and state law by Defendant Officers in that they, acted with the intent to detain Plaintiff unlawfully, without probable cause, and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

56. The Defendants directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Physical Injuries including pain and suffering, Public shame and embarrassment, Past and future costs for medical treatment and care, Loss of enjoyment of life, Inconvenience, Anxiety, Loss of enjoyment of freedom, and Past and future pain and suffering, inconvenience, and emotional distress.

**COUNT 2 – Excessive Force, Assault, Battery (42 U.S.C. § 1983) – and Supplemental State Law Claims**

57. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

58. Plaintiff pleads the Defendants used excessive force pursuant §1983, and via state law used excessive force, in addition to battery and assault, as the Defendants at no time possessed probable cause to stop, detain, arrest, and/or otherwise seize her, both by initiating her stop and later handcuffing her.

59. Plaintiff makes these allegations based upon her being handcuffed tightly for approximately 30-45 minutes while requesting they be removed as she was in pain, and the Defendants did not take off and/or loosen the restraints at any point, also Defendant Officer 1, assaulted, and battered her when he purposefully initiated a traffic stop and knowing he lacked probable cause, restrained her and Defendants intentionally acted to cause a harmful; and/or offensive contact with Plaintiff's person and such activities were the actual and proximate cause of Plaintiff's harm.

60. The Defendants violated Ms. Heath's rights, causing her harm physically and via a liberty deprivation.

61. The Defendants directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful arrest, incarceration, prosecution, and/or will continue to suffer the following damages: Physical Injuries including pain and suffering, Public shame and embarrassment, Past and future costs for medical treatment and care, Loss of enjoyment of life, Inconvenience, Loss of enjoyment of freedom, and Past and future pain and suffering, inconvenience, anxiety, and emotional distress

**COUNT 3 – Unjustified Search and Seizure (42 U.S.C. § 1983) – and Supplemental State Law Claims**

62. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

63. The unjustified seizure and search were based upon both the initial stop by Defendant Officer 1, the later handcuffing, and removing items from her vehicle, as those actions violated the Fourth Amendment's rule requiring probable cause and Plaintiff was injured as set forth above pursuant to § 1983 and via State law, when Defendants searched and seized the Plaintiff, and her car, where she has a reasonable privacy expectation, removed items, without probable cause, and directly and proximately caused harm.

64. The Defendants directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful arrest, incarceration, prosecution, and/or will continue to suffer the following damages: Physical Injuries including pain and suffering, Public shame and embarrassment, Past and future costs for medical treatment and care, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, inconvenience, and emotional distress.

**DAMAGES REQUEST**

65. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

66. As a result of the above actions and claims, the Plaintiff demands judgment against all Defendants in the amount of all damages, including:

   a. Compensatory Damages;

   b. Punitive Damages;

   c. Interest;

   d. Hold all Defendants jointly and severally liable;

   e. Such other relief as appears reasonable and just; and

   f. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

67. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as

fully as though the same were set forth herein at length.

68. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination

pursuant to the United States Constitutional Amendments V, VI, and XIV.


Respectfully Submitted,

_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF HEATH**
*Date*: January 5, 2021


## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information

and belief and are verified subject to the penalties for perjury and unsworn falsification to the tribunal.


Respectfully Submitted,

_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF HEATH**
*Date*: January 5, 2021