UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ZENIDA HEATH,

    Plaintiff,

  v.

PATROLMAN RICHARD JONES #286
and PATROLMAN JOSHUA WARD
#255,

    Defendants.

No. 1:20-cv-02049-NLH-SAK

OPINION

---

**APPEARANCES**:

D. WESLEY CORNISH, ESQ.
CORNERSTONE LEGAL GROUP
230 SOUTH BROAD STREET, 17TH FLOOR
PHILADELPHIA, PA 19102

    *On behalf of Plaintiff Zenida Heath.*

VINCENT P. SARUBBI, ESQ.
DOUGLAS DIAZ, ESQ.
ARCHER & GREINER
1025 LAUREL OAK ROAD
VOORHEES, NJ 08043

    *On behalf of Defendants Patrolman Richard Jones #286 and Patrolman Joshua Ward #255.*

**HILLMAN**, District Judge

    This matter arises from an incident where Zenida Heath ("Plaintiff") was handcuffed by a Gloucester Township police officer after a traffic stop on June 6, 2019. Plaintiff has brought a series of claims under 42 U.S.C. § 1983 and New Jersey

state law for violations of her constitutional and civil rights, some of which have been dismissed following this Court's December 4, 2020 Opinion.  Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 39).  For the reasons discussed below, Defendants' Motion to Dismiss Plaintiff's Amended Complaint will be granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that on June 6, 2019, at approximately 3:30 PM, she was driving her car with her three children and two students she had been tutoring through Gloucester Township, where she was pulled over by "Gloucester Police Officer 1," a white man, who demanded her proof of identification.  (ECF No. 1 at 2).  After Gloucester Police Officer 1 returned from his vehicle with her identification, he ordered Plaintiff out of her vehicle and handcuffed her, claiming that there was an outstanding warrant for her arrest.  (Id.).  Plaintiff alleges that she was "handcuffed so tightly her wrists were in extreme pain."  (Id.).

Plaintiff further alleges that during the time she was handcuffed, before "Gloucester Police Officer 2"'s arrival, her students repeatedly told Gloucester Police Officer 1 that Plaintiff had not committed any traffic violations or criminal violations.  (Id. at 3).  In response, Gloucester Police Officer

2

1 allegedly stated that he had pulled Plaintiff over for a driving infraction. (Id.). Gloucester Police Officer 1 then contacted police dispatch, whereby Gloucester Police Officer 2 arrived on the scene and spoke to Gloucester Police Officer 1 separately. (Id.). After this discussion, Gloucester Police Officer 1 informed Plaintiff that she "did not actually have a warrant for her arrest, and that she was free to leave the scene." (Id.). At no point during this interaction was Plaintiff cited for any driving infraction or charged with any offense. (Id.).

On February 25, 2020 Plaintiff filed a complaint in this Court against Gloucester County, Gloucester Township, and two unnamed officers. (ECF No. 1). Subsequently, on April 1, 2020, Plaintiff filed a stipulation of dismissal regarding Defendant Gloucester County. (ECF No. 3). On May 26, 2020, Defendant Gloucester Township filed a motion to dismiss all claims, (ECF No. 5), to which Plaintiff requested an extension to respond (ECF No. 8) and requested leave to file an amended complaint on July 14, 2020, seeking to add Camden County as a defendant. (ECF No. 10). This Court issued an Opinion on December 4, 2020, granting in part and denying in part Defendant's Motion to Dismiss. (ECF No. 12).

The Opinion addressed all of Plaintiff's twelve claims. Plaintiff's claims under the Fifth, Sixth, and Eighth Amendments

were dismissed because state actors were involved, not federal, no criminal prosecution ever occurred, and no adjudication of guilt occurred. (Id. at 8-9). These claims were dismissed with prejudice. (Id. at 10). The Court found that the claims made under the Fourteenth Amendment were also deficient in that the traffic stop and subsequent handcuffing - essentially claims challenging Plaintiff's arrest - made against state officials are evaluated under the Fourth Amendment rather than the Fourteenth Amendment's due process clause. (Id. at 9). However, those claims were dismissed without prejudice. (Id. at 10).

Plaintiff's remaining § 1983 claims were reviewed under the Fourth Amendment. Plaintiff's claims of false arrest and false imprisonment, as well as her claim of unreasonable search and seizure based on the initial traffic stop and on her being handcuffed, survived the Motion to Dismiss. Id. at 12-13. However, her claim of excessive force was dismissed without prejudice with leave to amend due to insufficient facts as alleged. (Id. at 17). Her claim of assault was dismissed with prejudice because the officer's actions that were equivalent to an assault claim would more properly serve as the basis for an excessive force claim, which was separately alleged. (Id.). Her claim against the second officer at the scene was dismissed because she failed to state a claim, as the second officer was

not present for any of the alleged constitutional violations. (Id. at 18).

Finally, Plaintiff brought a Monell claim, pleading all three forms of Monell liability, against Gloucester Township. (Id. at 21).  However, Plaintiff failed to sufficiently plead under any theory, in that she relied on conclusory statements with no specific factual allegations beyond the boilerplate pleadings and as such that claim was dismissed.  (Id. at 24). Her proposed Amended Complaint, which only added Camden County under a Monell Claim, also suffered from the same deficiencies and amendment was denied as futile.  (Id. at 28-29).

With regard to Plaintiff's state law claims for false arrest, false imprisonment, assault, and battery those claims were dismissed because of Plaintiff's failure to provide notice pursuant to the New Jersey Tort Claims Act ("NJTCA").  (Id. at 26).  Finally, Plaintiff's state law failure to intervene claim was dismissed as well.  (Id.).  Additionally, her request for an extension to respond to the Motion to Dismiss was denied. (Id. at 30).  Plaintiff was given leave to amend those claims those claims not dismissed as futile.  (Id. at 31).

Plaintiff did file an amended complaint on January 5, 2021. (ECF No. 20).[1]  Thereafter, Magistrate Judge King entered an

---

[1] Plaintiff filed an Amended Complaint, and withdrew said complaint, on January 4, 2021.  See (ECF Nos. 15, 16, 17, 18).

5

order on July 27, 2021, ordering Plaintiff to file a second Amended Complaint identifying and substituting the John Doe/Jane Doe defendants by September 10, 2021.  (ECF No. 25). Plaintiff's counsel directed a subpoena to the Gloucester Township Police Department for documents to identify the two police officers in this action on or around August 27, 2021, which was received by the Gloucester Township Police Department's Legal Department on or about September 28, 2021. (ECF No. 39 at 18).  On November 3, 2021, Plaintiff filed her Second Amended Complaint ("SAC") which identified the patrolmen involved in her traffic stop: Patrolman Richard Jones and Patrolman Joshua Ward ("Defendants").  (ECF No. 33).

After two requests for extensions to respond, Defendants filed a Motion to Dismiss the SAC on February 14, 2022, (ECF No. 39), and Plaintiff responded in opposition on March 16, 2022. (ECF No. 40).  This motion is now ripe for adjudication.

## DISCUSSION

Defendants argue that Plaintiff's § 1983 and her ancillary state law claims are untimely under New Jersey's two-year statute of limitations which governs such claims.  (ECF No. 39 at 5-6).[2]  Additionally, Defendants note that several of the

---

[2] See Cowell v. Palmer Twp., 263 F.3d 286, 291 (3d Cir. 2001) (noting § 1983 actions in New Jersey are governed by a two-year statute of limitations); see N.J.S.A. 2A:14-2 (two-year statute of limitations for torts).

6

claims reiterated in Plaintiff's brief have been dismissed with prejudice, specifically Plaintiff's claims arising under the Eighth and Fourteenth Amendments, as well as her assault claim. (Id. at 8). Defendants argue that the remaining claims of excessive force and failure to intervene claims are deficient and should be dismissed. (Id. at 8-9).

Plaintiff asserts in opposition that the "relation-back" pleading standard applies to the SAC, and that her claims were appropriately brought within the statute of limitations period. (ECF No. 40 at 7-8). Plaintiff agrees with Defendants that the assault claim ("Count 2") in the SAC should be stricken and was included in error. (Id. at 8). Finally, Plaintiff argues that the failure to intervene claim against Patrolman Richard Jones (also referred to as "the second officer") should not be dismissed because it is an issue of fact, because the Defendants have not stipulated that Patrolman Richard Jones was the "backup officer." (Id. at 8). The Defendants did not submit a reply brief.

I.  **Jurisdiction**

Plaintiff has brought their claims pursuant to 42 U.S.C. § 1983 as well as the New Jersey constitution and the NJTCA. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## II. Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should

identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents

9

attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**III. Analysis**

Pursuant to the agreement of both parties in their briefing, the Court hereby strikes the assault claim from Plaintiff's SAC, as both parties have noted that this Court previously dismissed the assault claim with prejudice in its December 4, 2020 Opinion.  (ECF No. 12 at 17).  Furthermore, although the Plaintiff continues to plead under the Eighth and Fourteenth Amendment[3] in her SAC, these claims will also be

---

[3] The Court notes that, to the extent that Plaintiff intended to plead any Fourteenth Amendment equal protection claims, those claims were dismissed without prejudice in its December 4, 2020 Opinion.  (ECF No. 12 at 10).  Plaintiff has not asserted any additional equal protection claims beyond reasserting claims previously dismissed.  E.g., compare (ECF No. 11 at 6 ¶51) and (EFC No. 33 at 6 ¶48).

10

stricken from the SAC as they were also previously dismissed with prejudice. (Id. at 9-10). The claims that remain for analysis are Plaintiff's claims of false imprisonment under the Fourteenth Amendment, excessive force, failure to intervene claim, and an "unjustified" search and seizure under the Fourteenth Amendment.

    a. Statute of Limitations

As an initial matter, the fictitious party practice rule and the relation back rule are both methods to add a defendant to a case after the statute of limitations has run, but each are distinctive in application. "Relation-back is a way of justifying the belated addition of a new claim or a new party. [The f]ictitious-party practice [rule] renders the initial filing against the identified but unnamed defendant timely in the first instance, subject only to diligent action by the plaintiff to insert defendant's real name." Ortiz ex rel. City of Camden, No. 11-2300, 2013 WL 1811895, at * 3 (D.N.J. Apr. 29, 2013) (citing Greczyn v. Colgate-Palmolive, 869 A.2d 866, 874 (N.J. 2005); and Viviano v. CBS, Inc., 503 A.2d 296, 304 (N.J. 1986) (explaining the differences between the fictitious party practice rule and the relation back rule, and noting that the requirements of the relation back rule "are not an express prerequisite to recourse to" the fictitious party practice rule)). Because the Court finds that Plaintiff has satisfied

11

the fictitious party rule, the Court need not undertake a Rule 15(c) relation back analysis.[4]

As noted, Plaintiff's § 1983 claims are subject to New Jersey's statute of limitations for personal injury, attendant New Jersey procedural rules, and interpreting case law.[5] New Jersey Court Rule 4:26-4 permits a plaintiff to amend her complaint to identify the proper party as long as a John Doe fictitious designation was included for that specific category of defendant. See Yarchak v. Trek Bicycle Corp., 208 F. Supp. 2d 470, 489 (D.N.J. 2002) (citing Mancuso v. Neckles, 747 A.2d 255, 261 n.1 (N.J. 2000)) ("[T]he fictitious party rule permits a plaintiff to preserve a claim against as yet unidentified

---

[4] Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading in three instances: (1) the law that provides the applicable statute of limitations allows relation back; (2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or (3) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. See Fed. R. Civ. P. 15(c)(1).

[5] New Jersey Court Rule 4:26-4 is applicable in federal court in the circumstances of this case as New Jersey law provides the applicable statute of limitations for the federal claim. See DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing N.J.S.A. 2A:14-2 and N.J. R. 4:26-4); see also Fed. R. Civ. P. 15(c)(1)(A).

potential defendants who may have contributed to plaintiff's injuries."). The Rule states, in relevant part,

> In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained. . . .

N.J. Ct. R. 4:26-4.

There are three elements to the proper application of the fictitious party rule. First, the fictitious name designation must have "an appropriate description sufficient to identify" the defendant. N.J. Rule 4:26-4; Viviano, 503 A.2d at 304. Second, the plaintiff must have exercised due diligence to ascertain the defendant's true name before and after filing the complaint. DeRienzo, 357 F.3d at 353 (citing Farrell v. Votator Div. of Chemetron Corp., 299 A.2d 394, 396 (N.J. 1973); Claypotch v. Heller, Inc., 823 A.2d 844, 848-49 (N.J. 2003); Mears v. Sandoz Pharms., Inc., 693 A.2d 558, 561-63 (N.J. 1997)). Third, the application of the fictitious party practice rule must not prejudice the defendant. Id.

Here, the Plaintiff gave a description sufficient to identify the defendants in the first filing. In her first

13

Complaint the two police officers are identified as employees of the Gloucester City Police Department. (ECF No 1 at 1). The Court finds this description sufficient as it is clear from the pleading that Plaintiff contemplated the addition of these police officers involved in the traffic stop as defendants but did not know the identities of the officers in order to specifically name them at time of the initial pleading.

Next, Defendants assert that Plaintiffs did not pursue the identification of the Defendants diligently. (ECF No. 39 at 7-8). The diligence requirement is a "good faith" effort by a plaintiff to determine the fictitious party's identity, to be determined on a case-by-case basis. See Prystowsky v. TGC Stores, Inc., No. 07-0072, 2011 WL 3516174 at *4 (D.N.J. Aug. 2011); Carroll v. Setcon Industries, Inc., No. 10-04737, 2012 WL 3229159 at *5-6 (D.N.J. Feb. 23, 2012) (collecting cases); (Farrell v. Votator Div. of Chemetron Corp., 299 A.2d 394, 396 (N.J. 1973)). A plaintiff need not be tenacious in their quest to identify a fictitious party's identity, nor do they need to exhaust ever possible avenue of discovery to be considered sufficiently diligent. Ortiz, 2013 WL 1811895, at *5.

Here, while Defendants point to a delay that occurred between the filing of Plaintiff's first Amended Complaint on January 5, 2021 (ECF No. 20) and the subsequent amendment once the officers were identified in the SAC on November 3, 2021 (ECF

14

No. 33), the record reflects that the Magistrate Judge found "good cause" to grant Plaintiff an extension to amend her complaint with the identity of the officers on July 27, 2021 (ECF No. 25). Thereafter, Plaintiff served a subpoena on the Gloucester City Police Department on August 27, 2021, mailed a certified letter to the Chief of Police when they did not receive a response after approximately three weeks, and sought a motion to compel for this information when Plaintiff realized that the information would not be forthcoming in time for the Court's deadline on October 12, 2021. (ECF Nos. 28, 30, 31).

Generally, when determining due diligence, courts consider a plaintiff's efforts such as: obtaining publicly available information, conducting depositions of relevant parties, and interviewing witnesses. Carroll, 2012 WL 3229159 at *5-6. Such efforts are generally considered as a calculated attempt to ascertain the identity of the fictitious party. Id. citing Baker v. J.J. De Luca Co., Inc, No. L-1393-06, 2008 WL 4648235, at *1-2, *10 (N.J. Super. App. Div. 2008). As noted in Baker, even when a plaintiff's attorney "could have done more" if the attorney has "[done] enough" the court will find that the required diligence was met. Baker, 2008 WL 4648235, at *9 (quoting Viviano, 503 A.2d at 306). Here, while Defendants note that such efforts could have been more expeditious, this Court finds that Plaintiff has done "enough" to obtain the identities

15

of the two Defendants to pass muster on the due diligence element.

of the two Defendants to pass muster on the due diligence element.

Finally, the third requirement of the application of the fictitious party practice rule, and "a crucial factor" for the Court to consider, is whether the defendants will be prejudiced by the delay in adding them to the case. Claypotch v. Heller, Inc., 823 A.2d 844, 848 (N.J. Super. Ct. App. Div. 2003). A newly named party suffers some prejudice by being exposed to potential liability, but "the New Jersey courts focus on the loss of evidence/witnesses and impairment of the ability to defend." Williams v. Hurlings, No. 08-3377, 2011 WL 3890976, *5 (D.N.J. 2011). Factors considered in determining whether a defendant is prejudiced by the delay in filing the amendment include "destruction or alteration of evidence after the initial discovery process, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay." DeRienzo, 357 F.3d at 356. Ultimately, "even though a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run, absent evidence that the lapse of time has resulted in a loss of evidence, impairment of ability to defend, or advantage to plaintiffs, justice impels strongly towards affording the plaintiffs their day in court on the merits of their claim." Claypotch, 823 A.2d at 850 (citations

16

and quotation omitted).

Here, Defendants have not argued that they are prejudiced by Plaintiff's delay in adding them as defendants, nor have they advanced any argument that the delay has caused a loss of evidence, potential witness testimony, or otherwise impaired their ability to defend against Plaintiff's claims. Given the absence of prejudice, reliance, or unjustifiable delay, this Court finds that Plaintiff has satisfied the requirements of the fictitious party rule.

Turning now to the substantive counts of Plaintiff's SAC, the Court will address each of the remaining claims in turn.

b. <u>Count 2 Excessive Force and Assault</u>

Defendants specifically note in their Motion to Dismiss that Plaintiff's claims that expressly refer to "assault" in Count 2 were already dismissed by this Court. (ECF No. 39 at 8). Plaintiff agreed that "Plaintiff mistakenly included this Count in the Amended Complaint and it was dismissed previously. Plaintiff would ask this Count be stricken and removed from the Amended Complaint." (ECF No. 40 at 8). However, Count 2 in Plaintiff's SAC not only addressed her assault claim, but also includes her excessive force claim and failure to intervene claim. (ECF No. 33 at 7-8). The Court will dismiss the excessive force claim per Plaintiff's desire to strike Count 2 from her SAC. However, the Court notes that Plaintiff asserts

17

her desire to retain her failure to intervene claim in the very next paragraph in her briefing. (ECF No. 40 at 8). Given this, the Court will review the failure to intervene claim here.

### i. Failure to Intervene Claim

Plaintiff's briefing states that her failure to intervene claim should not be dismissed for failure to state a claim because it is an "issue of fact" that two police officers were involved in her traffic stop and that the Defendants have not "stipulated" as to whether Defendant Patrolman Jones was the "backup officer." (Id.). However, the SAC retains the same factual details that the Court previously determined to be insufficient to show that the second officer that arrived at the scene had a realistic and reasonable opportunity to intervene given that all of the alleged constitutional violations occurred prior to his arrival. See (ECF No. 12 at 18). The Court will not rehash its analysis here. The Court notes that, while the Plaintiff may want a stipulation to reflect Patrolman Jones as the backup officer, such a process would be unnecessary because Defendants have provided the arrest report of Plaintiff's traffic stop as Exhibit 3 which identifies Defendant Patrolman Ward as the arresting officer per his signature on the arrest report. (ECF No. 39 at 31). Therefore, Plaintiff's failure to intervene claim must be dismissed, leaving no remaining claims from Count 2 of the SAC.

**CONCLUSION**

For the reasons expressed above, Defendants' Motion to Dismiss will be granted in part and denied in part. Defendants' motion is granted for Plaintiff's claims arising under the Eighth and Fourteenth Amendments, Plaintiff's assault claim, Plaintiff's excessive force claim, and Plaintiff's claim of failure to intervene. Defendants' motion is denied as it relates to the statute of limitations because the Court finds Plaintiff's filings as timely. With Count 2 dismissed in its entirety, the claims that remain are Plaintiff's Fourth Amendment and state law claims for false imprisonment and Plaintiff's Fourth Amendment and state law claims for unreasonable search and seizure.

An appropriate Order consistent with this Opinion will be entered.

Date: October 5, 2022　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　NOEL.L. HILLMAN, U.S.D.J.